**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JIN XING;<br>HAN YU,<br>　6-8-304 Xirongxian Hutong,<br>　Xicheng District,<br>　Beijing, China 100031<br><br>Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>JOSEPH B. EDLOW, in his official capacity, Director, U.S. Citizenship and Immigration Services;<br>　2707 Martin Luther King Jr. Ave, SE<br>　Washington, DC 20528-0485<br><br>TODD BLANCHE, in his official capacity, Attorney General, U.S. Department of Justice;<br>　950 Pennsylvania Avenue, NW<br>　Washington, DC 20530-0001<br><br>Defendants. | Civil Action No. 1:26-cv-2537 |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT OF MANDAMUS AND**
**VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road,

Suite 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email:

sadaf@jeelani-law.com.

1

**INTRODUCTION**

COME NOW JIN XING and HAN YU (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, and allege as follows:

1.  This action arises from Defendants' failure to perform a nondiscretionary, ministerial task, the retransmission of Plaintiff JIN XING's approved Form I-140, Immigrant Petition for Alien Worker, to the U.S. Department of State's National Visa Center ("NVC") for continued immigrant visa processing.

2.  Plaintiff JIN XING is the beneficiary of an approved Form I-140 immigrant petition under the EB-1A "Alien of Extraordinary Ability" classification, with a priority date of May 3, 2023 (Receipt No. IOE8425460991).[1]

3.  Plaintiff HAN YU is the spouse of Plaintiff JIN XING and the derivative beneficiary of the pending immigrant visa case arising from that approved petition.

4.  On or about January 29, 2024, the National Visa Center ("NVC") notified Plaintiffs that their case (NVC Case No. GUZ2023639044) was documentarily qualified and ready for consular interview scheduling.

5.  In or around July 2024, Plaintiffs' prior counsel requested that NVC link Plaintiff JIN XING's EB-1A priority date to an earlier priority date reflected in a separate, previously approved Form I-140 filed under the EB-2 National Interest Waiver classification (Receipt No. SRC2390083641).

6.  On August 2, 2024, NVC returned Plaintiff JIN XING's approved EB-1A petition (Receipt No. IOE8425460991) to USCIS's Texas Service Center in connection with that request.[2]

---

[1]The EB-1A "Alien of Extraordinary Ability" classification is available to individuals of extraordinary ability in the sciences, arts, education, business, or athletics. See INA § 203(b)(1)(A); 8 U.S.C. § 1153(b)(1)(A).

[2]See April 22, 2026 communication from the National Visa Center, relayed by the Office of Congresswoman Dina Titus (NV-01), confirming that Receipt No. IOE8425460991 (NVC Case No. GUZ2023639044) was returned to USCIS's Texas Service Center on August 2, 2024. [EXHIBIT P]. Plaintiff's own contemporaneous correspondence with the congressional office recorded July 13, 2024 as the date NVC "recognized the PD issue and returned the case."

2

7.  Since August 2, 2024, a period of over 23 months (714 days), Defendants have taken no action to retransmit the approved petition to NVC, notwithstanding numerous direct inquiries with USCIS and a congressional inquiry initiated on Plaintiffs' behalf.

8.  On April 18, 2026, Plaintiffs withdrew their request to link the priority dates and asked Defendants only to re-release the approved EB-1A petition to NVC so that Plaintiffs' immigrant visa case may proceed to interview.

9.  Defendants possess all information necessary to complete this ministerial task, and no further adjudication, discretionary determination, or additional evidence is required of Defendants or Plaintiffs.

10. Defendants have a nondiscretionary duty to conclude matters presented to them within a reasonable period of time. 5 U.S.C. § 555(b).

11. Defendants' failure to act constitutes agency action unlawfully withheld or unreasonably delayed in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).

12. Further, the delay extends well beyond Congress's 180-day guideline for immigration benefit adjudications. 8 U.S.C. § 1571.

13. Defendants' prolonged inaction has caused Plaintiffs severe hardship, including prolonged family and immigration uncertainty and the continued inability to complete immigrant visa processing to which Plaintiffs are otherwise entitled. Plaintiffs therefore seek relief compelling Defendants to perform their statutory duty and retransmit the approved petition to NVC.

**PARTIES**

14. Plaintiff JIN XING is a citizen of the People's Republic of China and, for purposes of the instant action, resides at 6-8-304 Xirongxian Hutong, Xicheng District, Beijing, China 100031. He is the beneficiary of an approved Form I-140, Immigrant Petition for Alien Worker, under the EB-1A "Alien of Extraordinary Ability" classification (Receipt No. IOE8425460991).

15. Plaintiff HAN YU is a citizen of the People's Republic of China and the spouse of Plaintiff JIN XING. She resides with Plaintiff JIN XING at the address above and is the derivative beneficiary of the immigrant visa case arising from Plaintiff JIN XING's approved Form I-140.

16. Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security ("DHS"). Defendant MULLIN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1. This action is filed against him in his official capacity.

17. Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

18. Defendant TODD BLANCHE is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice ("DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

19. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1361, and 2201, as well as the Administrative Procedure Act, 5 U.S.C. § 701 et seq., because Plaintiffs seek judicial review of inaction by one or more of the Defendants.

20. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) because this is the judicial district in which at least one of the Defendants resides.

## EXHAUSTION OF REMEDIES

21. Plaintiffs have repeatedly requested that Defendants retransmit the approved petition to NVC. Plaintiffs have submitted multiple direct inquiries to USCIS, including Service Request/Inquiry Nos. SR13192404707TSC, SR12642500518RPA, and Service Item No. 40795540, and have

4

pursued a congressional inquiry through the Office of Congresswoman Dina Titus (NV-01) since December 2025.

22. Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with all documentation and information necessary to complete the ministerial retransmission of the approved petition.

23. There are no further administrative remedies available for Plaintiffs to utilize.

### BACKGROUND ON APPROVAL AND NATIONAL VISA CENTER PROCESSING

24. When USCIS approves a Form I-140, Immigrant Petition for Alien Worker, that action "completes all USCIS action on th[e] petition," and USCIS forwards the approved petition to the U.S. Department of State's National Visa Center for further immigrant visa processing.[3]

25. NVC then reviews the required financial and civil documents and, once complete, notifies the petition beneficiary that the case is documentarily qualified and ready for interview scheduling.

26. Federal regulations permit, in certain circumstances, retention of an earlier priority date from a previously approved immigrant petition. 8 C.F.R. § 204.5(e)(1).

27. In July 2024, Plaintiffs' prior counsel asked NVC to apply this provision to link Plaintiff JIN XING's EB-1A priority date (May 3, 2023) to the earlier priority date (March 10, 2023) reflected in his separately approved EB-2 National Interest Waiver petition (Receipt No. SRC2390083641).

28. NVC returned the EB-1A petition to USCIS's Texas Service Center in connection with that request rather than resolving the linkage request itself.

29. Plaintiffs have since withdrawn the priority-date linkage request and seek only Defendants' completion of the ministerial task of retransmitting the approved EB-1A petition to NVC so that Plaintiffs' immigrant visa case may proceed.

---

[3]See Form I-797, Notice of Action (Approval Notice), Receipt No. IOE8425460991. [EXHIBIT A].

## FACTUAL ALLEGATIONS

30. On May 3, 2023, Plaintiff JIN XING's Form I-140, Immigrant Petition for Alien Worker, under the EB-1A classification, was properly filed and approved by USCIS's Texas Service Center (Receipt No. IOE8425460991; Priority Date May 3, 2023). [EXHIBIT A].

31. USCIS forwarded the approved petition to NVC, which assigned NVC Case No. GUZ2023639044.

32. On January 12, 2024, Plaintiffs JIN XING and HAN YU, together with their minor son (not a party to this action), timely submitted Forms DS-260, Immigrant Visa and Alien Registration Applications, in connection with NVC Case No. GUZ2023639044. [EXHIBIT B].

33. On January 29, 2024, NVC notified Plaintiffs that their case was documentarily qualified and that NVC would work with the U.S. Consulate General in Guangzhou, China to schedule an interview appointment. [EXHIBIT C].

34. In or around July 2024, Plaintiffs' prior counsel requested that NVC link Plaintiff JIN XING's EB-1A priority date to the earlier priority date reflected in his separately approved EB-2 National Interest Waiver petition (Receipt No. SRC2390083641).

35. On August 2, 2024, NVC returned Plaintiff JIN XING's approved EB-1A petition to USCIS's Texas Service Center in connection with that request.

36. On November 15, 2024, USCIS confirmed receipt of Plaintiffs' service request regarding the petition, assigning Request ID SR13192404707TSC.

37. On November 26, 2024, Plaintiffs' prior counsel emailed USCIS's Texas Service Center Premium Processing Unit directly, requesting correction of the priority date and retransmission of the petition to NVC.

6

38. On January 22, 2025, USCIS responded to Plaintiffs' inquiry (Receipt No. IOE8425460991), stating there was "no evidence of an error" warranting a priority date correction. USCIS's response did not address retransmission of the approved petition to NVC.

39. On September 21, 2025, Plaintiffs submitted a further inquiry to USCIS regarding the status of the petition, which USCIS assigned Inquiry ID SR12642500518RPA.

40. On October 2, 2025, Plaintiffs submitted an additional inquiry to USCIS regarding the petition's status and received only a generic acknowledgment.

41. On November 1, 2025, USCIS confirmed receipt of Plaintiffs' inquiry, assigning Service Item No. 40795540 in connection with Receipt No. IOE8425460991.

42. On December 10, 2025, Plaintiffs initiated a congressional inquiry through the Office of Congresswoman Dina Titus (NV-01).

43. On January 28, 2026, the congressional caseworker relayed that USCIS had reported the previously submitted file as "corrupted" and that USCIS had resubmitted the request.

44. On January 29, 2026, the congressional caseworker relayed a USCIS response indicating, incorrectly, that the petition remained with NVC and had "not been sent back to USCIS," reflecting continued confusion between Plaintiff JIN XING's two separate immigrant petitions (the approved EB-1A petition, Receipt No. IOE8425460991, and the separate EB-2 NIW petition, Receipt No. SRC2390083641). [EXHIBIT D].

45. On February 24, 2026, USCIS responded to Inquiry ID SR12642500518RPA by directing Plaintiffs to USCIS's Premium Processing Unit, again without confirming any action to retransmit the petition to NVC.

46. On April 18, 2026, Plaintiffs, through the congressional office, formally withdrew the priority-date linkage request and asked Defendants to re-release the approved EB-1A petition to NVC for interview scheduling, and asked NVC to reestablish the case under the CEAC system.

47. On April 22, 2026, the congressional caseworker relayed NVC's confirmation that the EB-1A petition (Receipt No. IOE8425460991; NVC Case No. GUZ2023639044) "was returned to U.S. Citizenship and Immigration Services (USCIS), Texas Service Center on August 2, 2024," and that further inquiries should be directed to the Texas Service Center.

48. Since April 22, 2026, Defendants have taken no further action to retransmit the approved petition to NVC.

49. No further action remains required of Plaintiffs for Defendants to complete this ministerial task.

50. Plaintiff JIN XING's EB-1A priority date of May 3, 2023 is now current, and Plaintiffs are ready and able to proceed to a consular interview once the approved petition is returned to NVC.

51. Defendants have provided no legitimate explanation for the continued delay in retransmitting the approved petition to NVC.

52. As a result of Defendants' continued inaction, Plaintiffs have suffered prolonged family and immigration uncertainty and have been deprived of the ability to complete their immigrant visa processing.

## COUNT I
## VIOLATION OF THE APA – FAILURE TO RETRANSMIT APPROVED FORM I-140 TO THE NATIONAL VISA CENTER (5 U.S.C. § 706(1))

53. All prior paragraphs are re-alleged as if fully stated herein.

54. USCIS has approved Plaintiff JIN XING's Form I-140 petition, completing all adjudicative action required of Defendants with respect to that petition.

55. Defendants have a nondiscretionary duty under 5 U.S.C. § 555(b) to conclude matters presented to them, including the retransmission of an approved immigrant petition to NVC, within a reasonable period of time.

56. Retransmission of an approved Form I-140 petition to NVC following NVC's return of the file is a ministerial task involving no exercise of discretion.

57. Defendants possess all information necessary to complete this ministerial task, and no further evidence, discretionary determination, or action by Plaintiffs is required.

58. Despite this, Defendants have failed to retransmit the approved petition to NVC in the more than 23 months since NVC returned the file to USCIS's Texas Service Center on August 2, 2024.

59. This delay far exceeds Congress's 180-day guideline for immigration benefit adjudications, 8 U.S.C. § 1571, and is unreasonable as a matter of law.

60. Pursuant to 5 U.S.C. § 706(1), this Court is authorized to compel agency action unlawfully withheld or unreasonably delayed.

61. Defendants' failure to retransmit the approved petition to NVC constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of 5 U.S.C. § 706(1).

62. Defendants' delay is unreasonable as a matter of law, and Plaintiffs have been deprived of the timely completion of their immigrant visa processing to which they are entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.  Order Defendants to retransmit Plaintiff JIN XING's approved Form I-140 petition (Receipt No. IOE8425460991) to the National Visa Center within a time certain;

2.  In the alternative, compel Defendants to perform their duty to retransmit the approved petition to the National Visa Center;

3. Declare that Defendants have unlawfully withheld and unreasonably delayed agency action in violation of the Administrative Procedure Act, 5 U.S.C. § 706(1);

4. Retain jurisdiction over this matter to ensure compliance with the Court's order;

5. Award Plaintiffs reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

6. Grant such other and further relief as this Court deems just and proper.

Date: July 20, 2026

Respectfully submitted,
/s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. [IN0013]**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone: (312) 767-9030**
**Fax: (312) 549-9981**
***Attorney for Plaintiffs***